UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JUSTA UNDERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12 CV00035 LMB |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Justa Underwood has filed this personal injury action against Defendant Target alleging that she sustained injuries when she tripped over an empty end cap at a Target store in Cape Girardeau, Missouri.  This cause was originally filed in the Circuit Court of Cape Girardeau County, Missouri, and was ultimately removed to this court pursuant to the court's diversity jurisdiction.  This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties.  See 28 U.S.C. § 636(c).  Presently pending before the court is defendant's Motion for Summary Judgment.  (Doc. No. 14).  Plaintiff opposes the motion, and the issues are fully briefed.

## Background[1]

On November 21, 2010, plaintiff entered defendant's Target store located at 202 Siemers Drive in Cape Girardeau, Missouri.  Upon entering the store, plaintiff took a shopping cart and

---

[1]The court's summary of the facts is derived from Defendant's Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment (Doc. No. 16), Plaintiff's Combined Response to Defendant's Statement of Uncontroverted Material Facts and Plaintiff's Statement of Disputed Material Facts (Doc. No. 18), and the evidentiary record submitted by the parties.  The court will cite to specific exhibits when necessary.

began shopping around the store.  Plaintiff shopped up and down several aisles, including an aisle that had an end cap[2] without any merchandise on it.  Approximately five minutes after plaintiff pushed her cart around the empty end cap, plaintiff's shopping cart was parked at the end of the end cap in the main aisle.  Approximately ten seconds after the cart was parked, plaintiff fell over the end cap.

In her Petition, plaintiff claims that the inconspicuous nature of the end cap made that area of defendant's floor dangerous as a walk way for plaintiff and for other shoppers.  Plaintiff alleges that defendant was negligent in permitting the walk way to remain in a dangerous condition, in failing to warn plaintiff of the dangerous and unsafe condition, and in failing to assist plaintiff after her fall.  Plaintiff alleges that, as a result of defendant's negligence, she suffered a broken humerus on her right arm, and has sustained significant nerve damage on that arm.  Plaintiff claims that she has been unable to return to work as a result of her injuries.  Plaintiff requests damages in excess of $25,000.00.

## SUMMARY JUDGMENT STANDARD

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011).  The substantive law determines which facts are critical and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477

---

[2]Plaintiff defines an end cap as "a platform on which merchandise is to be placed at the end of an aisle."  Petition, ¶ 1.

U.S. 242, 248 (1986).  Only disputes over facts that might affect the outcome will properly preclude summary judgment.  Id.  Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

A moving party always bears the burden of informing the court of the basis of its motion. Celotex Corp., 477 U.S. at 323.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute."  Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248.  The nonmoving party may not rest upon mere allegations or denials of her pleading.  Anderson, 477 U.S. at 258.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331.  The court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'"  Torgerson, 643 F.3d at 1042 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).

## DISCUSSION

In its Motion for Summary Judgment, defendant argues that it is entitled to judgment as a matter of law because the end cap was an open and obvious condition.

To prevail in a negligence action under Missouri law, a plaintiff must establish that (1) the defendant owed her a duty of care, (2) the defendant breached that duty, and (3) she suffered an injury proximately caused by the defendant's breach.  Lopez v. Three Rivers Elec. Coop. 26

- 3 -

S.W.3d 151, 155 (Mo. banc 2000).  "Whether a duty exists purely is a question of law," suitable for determination on summary judgment.  Id.

"The general duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe."  Rycraw v. White Castle Systems, Inc., 28 S.W.3d 495, 499 (Mo. Ct. App. 2000).  An injured invitee must prove: 1) a dangerous condition existed on defendant's property, 2) defendant knew, or by using ordinary care should have known, of the condition, 3) defendant failed to use ordinary care in removing or warning of the danger, and 4) invitee sustained injuries as a result of the dangerous condition.  Id.; Roberson v. AFC Enterprises, Inc., 602 F.3d 931, 934 (8th Cir. 2010).

"[W]hen the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does *not* breach the standard of care owed to invitees, 'unless the possessor should anticipate the harm despite such knowledge and obviousness.'"  Harris v. Niehaus, 857 S.W.2d 222, 226 (Mo. banc 1993) (quoting Restatement (Second) of Torts, § 343A(1) (1965)) (emphasis in original).  This element recognizes that a possessor of land is not an absolute insurer of the well-being of its invitees. Harris, 857 S.W.2d at 226.  "As a general matter, therefore, a possessor's actions do not fall below the applicable standard of care if the possessor fails to protect invitees against conditions that are open and obvious as a matter of law."  Id.

Defendant contends that the end cap was open and obvious because it was plainly visible, a black baseboard goes around the entire end cap, and there is a broad red stripe separating the side aisle from the main aisle.  Defendant has submitted photographs in support of its argument that the end cap was plainly visible.  Def's Exs. 1-A through 1-H.  Defendant also argues that the

video submitted by defendant confirms that the end cap is open and obvious, as it demonstrates
that plaintiff walked around the end cap just five minutes before she fell. Def's Ex. Ex. 1-I.

Plaintiff contends that defendant's Motion for Summary Judgment should be denied
because the end cap was not open and obvious. Plaintiff has submitted the Affidavit of Plaintiff
Justa Underwood, in which she states that there were many distractions in the store, such as
displays of various merchandise, and advertising signs. Underwood Aff., ¶ 5. Plaintiff argues that
the end cap was short, and could not be seen without looking directly down at it, while a person is
in its vicinity. Id. at ¶ 7. In addition, plaintiff notes that the surface of the end cap was the same
color, or near the same color, as the floor. Id. at ¶ 8. Plaintiff contends that, because of the
inconspicuous nature of the end cap, it did not appear that there was anything at the end of the
aisle when plaintiff rounded it. Id. at ¶ 10.

In determining whether a dangerous condition is open and obvious as matter of law,
courts engage in an extremely fact intensive analysis. Hellmann v. Droege's Super Market, Inc.,
943 S.W.2d 655, 658 (Mo. Ct. App. 1997). In some cases, Missouri Courts have found certain
conditions to be so open and obvious that liability is precluded as a matter of law. See e.g.,
Harris, 857 S.W.2d at 227 (lake at end of obviously downward sloping road and less than three
hundred feet from location where car was parked was an open and obvious condition); Crow v.
Kansas City Power &Light Company, 174 S.W.3d 523, 526 (Mo. Ct. App. 2005) (overhead
electric power line open and obvious as a matter of law); Heffernan v. Reinhold, 73 S.W.3d 659,
666 (Mo. Ct. App. 2002) (unshored twelve by fifteen foot ditch in which plaintiff was working
was an open and obvious condition); Mothershead v. Greenbriar Country Club, Inc., 994 S.W.2d
80, 88 (Mo. Ct. App. 1999) (hill and trees at bottom of hill were open and obvious dangerous

condition); Peterson v. . Summit Fitness, Inc., 920 S.W.2d 928, 933 (Mo. Ct. App. 1996)

(holding that thirty-by-four-foot exposed wall of above-ground swimming pool was an open and

obvious condition); Seymour v. Lakewood Hills Assoc., 927 S.W.2d 405, 410 (Mo. Ct. App.

1996) (tree in center of road was so open and obvious that person reasonably should be expected

to see it and recognize danger posed); Landers v. Aldi, 153 F.3d 698, 700 (8th Cir. 1998) (loose

stones in parking lot of strip mall open and obvious).

    In other cases, however, Missouri courts have refused to find that a given condition is

open and obvious as a matter of law and permitted the case to go to the jury.  See e.g., Smith v.

Callaway Bank, 359 S.W.3d 545, 548 (Mo. Ct. App. 2012) (declining to find lava rock on a

bank's sidewalk was open and obvious); Lacy v. Wright, 199 S.W.3d 780, 784 (Mo. Ct. App.

2006) (concrete parking bumper, the same color and composition as the parking lot surface,

partially covered with snow, was not open and obvious); Lewis v. Snow Creek, Inc., 6 S.W.3d

388, 393 (Mo. Ct. App. 1999) (unwilling to declare ice an open and obvious condition because

issue of material fact remained as to the nature and character of the ice alleged to have caused the

fall); Quinn v. Lenau, 996 S.W.2d 564, 568 (Mo. Ct. App. 1999) (danger posed by notch in tree

limb was not open and obvious; though plaintiff was aware of notch, he did not know depth of

notch and his view was obscured by moss); Morrison v. St. Luke's Health Corp., 929 S.W.2d

898, 904 (Mo. Ct. App. 1996) (unwilling to find that, as matter of law, placement of briefcase in

hallway of doctor's office was open and obvious to plaintiff); Privitera v. Coastal Mart, Inc., 908

S.W.2d 779, 781 (Mo. Ct. App. 1995) (declining to find that parking lot riddled with holes on

which woman caught heel of her shoe was open and obvious condition); Bartel v. Central

Markets, Inc., 896 S.W.2d 746, 747-48 (1995) (uneven concrete upon which plaintiff tripped

when carrying groceries on sidewalk not open and obvious as a matter of law);  Tucker v. Wal-Mart Stores, Inc., No. 1:06CV19CAS, 2007 WL 1306461, * 1 (E.D. Mo. May 2, 2007) (unwilling to find large pallets full of merchandise stacked in aisle of Wal-Mart upon which plaintiff stumbled over the corner open and obvious, even when plaintiff admitted she saw the pallets).  Some courts have noted the presence of distractions as a factor in finding an object was not open and obvious.  See, e.g. Bartel, 896 S.W.2d at 748 ("[W]e cannot say as a matter of law that the [uneven sidewalk] was so open and obvious that defendants could reasonably rely on its invitees to see and appreciate the risk of danger as they exited the store with arms full or groceries or pushing grocery carts ahead of them.").  See also Bruner v. City of St. Louis, 857 S.W.2d 329, 333 (Mo. Ct. App. 1993) (in determining whether moving walkway at airport was a dangerous condition, jury could consider whether defendant had "reason to expect that plaintiff's attention would be diverted by the airport environment.").

The undersigned finds that the facts of the instant matter are more analogous to the line of cases declining to find a condition open and obvious as a matter of law.  The court has reviewed the photographs and video of the end cap.  As plaintiff points out, there was no merchandise on the end cap, the end cap was short, and the surface of the end cap was the same or very nearly the same color as the floor.  While the video reveals that plaintiff walked around the end cap approximately five minutes before she fell, there is no indication that plaintiff actually saw the end cap when doing so.  Even if plaintiff had seen the end cap previously, this would be insufficient to establish as a matter of law that the end cap was open and obvious.  See Smith, 359 S.W.3d at 548 (existence of business owner's duty to protect against a dangerous condition is not

determined by the business invitee's knowledge of the condition).  See also Tucker, 2007 WL 1306461 at * 1.

Notably, the video does not show how plaintiff fell.  Rather, the video contains a partial, brief view from the left side of the screen during the fall.  See Def's Ex. 1-I at 2:09:23.  The video does not depict plaintiff's view as she was approaching the end cap.  Nothing in the video contradicts plaintiff's allegations that, due to the multiple distractions in the store and the inconspicuous nature of the end cap, she did not see the end cap as she rounded the corner of the aisle, causing her to trip over it and fall onto the floor.  Drawing all reasonable inferences in favor of plaintiff as the non-movant, the court cannot find, as a matter of law, that the empty end cap was an open and obvious condition.  Thus, defendant's Motion for Summary Judgment will be denied.


Accordingly,


**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment (Doc. No. 14) be and it is **denied**.


Dated this 23rd   day of December, 2013.


_____
LEWIS. M. BLANTON
UNITED STATES MAGISTRATE JUDGE